[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 30, 2008
THOMAS K. KAHN
CLERK

------------------------------------
No. 07-11359
Non-Argument Calendar
------------------------------------

D.C. Docket No. 06-00231-CR-3-VEH-PWG

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellant,

                    versus

MELVIN BUFORD EDDY,
a.k.a. Mel,

                                        Defendant-Appellee.

--------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
--------------------------------------

**(April 30, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

The government appeals the 180-month sentence imposed on Defendant-

Appellee Melvin Buford Eddy for possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841. The government argues that the district court committed reversible error by (i) considering factors unrelated to Eddy's substantial assistance in determining the departure granted under U.S.S.G. § 5K1.1, p.s.; and (ii) imposing an unreasonable sentence. Because we conclude that the district court considered impermissible factors in calculating the guidelines range in the light of Eddy's substantial assistance, we vacate and remand for resentencing.

Eddy pled guilty pursuant to a written plea agreement that included a cooperation provision. Because Eddy had three qualifying prior drug felonies, the government filed a 21 U.S.C. § 851 notice that a mandatory minimum sentence of life applied. Before sentencing, the government moved for a downward departure under U.S.S.G. § 5K1.1, p.s., and 18 U.S.C. § 3553(e) based on Eddy's substantial assistance. The government recommended that the district court impose a sentence of 25 years.

At sentencing, Eddy conceded the convictions supporting the section 851 life enhancement; and the district court noted that the advisory guideline range was life imprisonment. Turning to the substantial assistance motion filed by the government, the district court stated that a departure was due to be granted. The district court first recited substantial assistance factors that influenced its decision

to grant a downward departure and then stated a guideline range of 151 to 188 months.  The district court next proceeded to impose sentence and to explain why it elected a term near the top of the range.  The district court stated that Eddy's own serious drug addiction, together with his age -- 30 years -- which allowed the opportunity to give him a chance to make a life after prison, "weighed heavily on [the] decision of what level to depart to."  The district court stated that a low end-of-the-range sentence was not appropriate in the light of Eddy's significant criminal history, the quantity of drugs possessed, and the particular drug -- methamphetamine -- which the district court described as a "scourge in our community."   The government objected to the reasonableness of the departure and the reasonableness of the sentence imposed; the government made no objection -- as it now does on appeal -- that the district court considered impermissible factors in calculating the post-departure guidelines range.

The government concedes that plain error review applies.  Under plain error review, reversible error is shown by the government where error was committed that is plain and "dramatically impact[ed] the sentence, and thereby affect[ed] the substantial rights of the government and the people of the United States that this defendant be sentenced correctly in accordance with the legal principles of the

3

sentencing guidelines." United States v. Clark, 274 F.3d 1325, 1329 (11th Cir. 2001).

When granting a section 5K1.1 departure, the district court is prohibited from considering factors unrelated to the nature and extent of a defendant's assistance. United States v. Martin, 455 F.3d 1227, 1236 (11th Cir. 2006). "Because a substantial assistance departure is to be about assistance and nothing else, the sentencing court [may] not permissibly consider the sentencing factors announced in 18 U.S.S.C. § 3553(a) when exercising its discretion in deciding whether and how much to depart under § 5K1.1." United States v. Crisp, 454 F.3d 1285, 1289 (11th Cir. 2006). (Alteration in original) (quotation omitted). In fashioning an appropriate sentence, the district court must first calculate correctly the advisory guidelines range; only after calculating correctly the appropriate advisory guidelines range may the district court consider the section 3553(a) factors to craft a more lenient or severe sentence. See United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005).

That the district court conflated the post-departure guidelines calculation with consideration of the section 3553(a) factors is clear from the record. The district court judge stated explicitly that Eddy's age, his drug abuse problems, the availability of drug treatment in federal prison, and Eddy's ability to make a life

for himself after prison "weighed heavily on [her] decision of what level to depart to." Although the district court also referenced assistance factors, that factors unrelated to assistance "weighed heavily" on the level of the substantial assistance departure granted is error as a matter of law. Before the section 5K1.1 departure, the guidelines range was mandatory life; with the departure, the calculated range was 151 months to 188 months.[1] That the ultimate sentence imposed was at the high end of that guidelines range (180 months) further reflects that the section 3553(a) factors -- the mitigating factors of Eddy's personal characteristics and drug dependence which the district court earlier focused upon -- already had impacted on the guidelines calculation and required little further consideration in crafting a reasonable sentence. The district court's consideration of non-assistance related factors constituted plain error that affected the sentence. See Crisp, 454 F.3d at 1289. We vacate and remand for proper consideration of the section 5K1.1 factors.[2]

        VACATED AND REMANDED.

---

[1]We note also that the district court made no reference to the government's recommendation of a departure to 25 years and offered no explanation for its decision to impose a departure substantially greater that. Although the government has no control over the district court's ruling once the government starts the process with a section 5K1.1 motion, the district court is directed by the guidelines to give substantial weight to the government's recommendation. See U.S.S.G. § 5K1.1, comment. (n.3) ("Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance....").

[2]We conclude that remand is necessary because the guideline range was calculated incorrectly; we do not consider whether the sentence imposed was reasonable.